UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SCOTT GORDON, in his individual
capacity and as the Personal
Representative of the ESTATE OF
EZRA D. GORDON and EZRA D.
GORDON'S heirs; and the ESTATE
OF EZRA D. GORDON,

NO:  09-CV-0034-TOR

Plaintiffs,

v.

EGTECHNOLOGY a/k/a EGT
TECHNOLOGY AND
EGTECHNOLOGY LTD., and
DRILLING TECHNIQUE LTD.,

Defendants.

---

FINAL INSTRUCTIONS GIVEN BY THE COURT

---

**DATED** this _2nd_ day of August, 2012.

*s/ Thomas O. Rice*

THOMAS O. RICE
United States District Judge

FINAL INSTRUCTIONS ~ 1

### INSTRUCTION NO. 1

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

## INSTRUCTION NO. 2

The evidence you are to consider in deciding what the facts are consists of:

      1. the sworn testimony of any witness;

      2. the exhibits which are received into evidence; and

      3. any facts to which the lawyers have agreed.

## INSTRUCTION NO. 3

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the Court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the Court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

FINAL INSTRUCTIONS ~ 4

### INSTRUCTION NO. 4

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## INSTRUCTION NO. 5

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

FINAL INSTRUCTIONS ~ 6

## INSTRUCTION NO. 6

You should decide the case as to each party separately. Unless otherwise stated, the instructions apply to all parties.

## INSTRUCTION NO. 7

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

FINAL INSTRUCTIONS ~ 8

## INSTRUCTION NO. 8

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

FINAL INSTRUCTIONS ~ 9

## INSTRUCTION NO. 9

You should base your decision on all of the evidence, regardless of which party presented it.

When I say that a party has the burden of proof on a proposition, or use the expression "if you find" or "if you decide", I mean you must be persuaded that the proposition is more probably true than not true.

FINAL INSTRUCTIONS ~ 10

## INSTRUCTION NO. 10

Whether a party has insurance is not relevant to any of the questions you are to decide. You must avoid any inference, speculation or discussion about insurance.

## INSTRUCTION NO. 11

The following facts are not in dispute:

On January 16, 2007, Ezra Gordon died when his body became entangled in a drill manufactured by Defendant EGTechnology. The drill was defective and unreasonably dangerous at the time of the accident without an emergency safety cable on the mast. Had a safety emergency stop cable been on the drill and functional at the time of the incident, Ezra Gordon likely would not have been killed. Ezra Gordon is survived by his father, Scott Gordon, and mother, Lee Trueblood.

## INSTRUCTION NO. 12

The manufacturer of a product owes a duty to design and manufacture its product to avoid the unreasonable risk of foreseeable injury to persons using the product with ordinary care. A breach of this duty is negligence.

## INSTRUCTION NO. 13

A product seller owes a duty to use ordinary care to conduct a reasonable inspection of the product before selling the product to others. A breach of this duty is negligence.

## INSTRUCTION NO. 14

When I use the word "negligence" in these instructions, I mean the failure to use ordinary care in the management of one's property or person. The words "ordinary care" mean the care a reasonably careful person would use under circumstances similar to those shown by the evidence. Negligence may thus consist of the failure to do something which a reasonably careful person would do, or the doing of something a reasonably careful person would not do, under circumstances similar to those shown by the evidence. The law does not say how a reasonably careful person would act under those circumstances. That is for you to decide.

## INSTRUCTION NO. 15

It was the duty of all parties, before and at the time of the occurrence, to use ordinary care for the safety of themselves and each other.

## INSTRUCTION NO. 16

When I use the expression "proximate cause," I mean a cause that, in natural or probable sequence, produced the injury, the loss or the damage complained of. It need not be the only cause. It is sufficient if it is a substantial factor in bringing about the injury, loss or damage. It is not a proximate cause if the injury, loss or damage likely would have occurred anyway.

There may be one or more proximate causes of an injury. When the negligent conduct of two or more persons or entities contribute concurrently as substantial factors in bringing about an injury, the conduct of each may be a proximate cause of the injury regardless of the extent to which each contributes to the injury.

## INSTRUCTION NO. 17

The words "willful and wanton" when used in these instructions and when applied to the allegations in this case, mean more than ordinary negligence. The words mean intentional or reckless actions, taken under circumstances where the actor knew or should have known that the actions not only created an unreasonable risk of harm to another, but involved a high degree of probability that such harm would actually result.

## INSTRUCTION NO. 18

The Plaintiffs have the burden of proof on each of the following propositions:

1. The Defendants were negligent.

2. The negligence of the Defendants was a proximate cause of Ezra Gordon's death.

3. The Plaintiffs were injured.

4. The elements of damage and the amounts thereof.

You will be asked the following question on the jury verdict form:

**Question No. 1:** Was EGT negligent and was such negligence a proximate cause of Ezra Gordon's death?

   **Answer to Question No. 1:** Yes ___    No ___

**Question No. 3:** Was DTL negligent and was such negligence a proximate cause of Ezra Gordon's death?

   **Answer to Question No. 3:** Yes ___   No ___

   If you find from your consideration of all the evidence that each of these propositions has been proved, you should answer this question "Yes." However, if you find that any of these propositions has not been proved, then the plaintiff has not met the burden of proof required and you should answer this question "No."

FINAL INSTRUCTIONS ~ 19

<u>INSTRUCTION NO. 19</u>

In this case, EGT has alleged that some other individual or entity, not a party to this lawsuit, was negligent. On this defense, EGT has the burden of proof on each of the following propositions:

> 1. Crux and/or its employees were negligent.
>
> 2. The negligence of Crux and/or its employees was a proximate cause of Ezra Gordon's death.

You will be asked the following question on the jury verdict form:

**Question No. 5:** Was Crux or any of its employees negligent and was such negligence a proximate cause of Ezra Gordon's death?

**Answer to Question No. 5:** Yes \_\_\_  No \_\_\_

If you find from your consideration of all the evidence that each of these propositions has been proved, you should answer the question "Yes." However, if you find that any of these propositions has not been proved, then the defendant has not met the burden of proof required and you should answer this question "No."

## INSTRUCTION NO. 20

In this case, EGT has alleged that Ezra Gordon was negligent. On this defense, EGT has the burden of proof on each of the following propositions:

      1. Ezra Gordon was negligent.

      2. The negligence of Ezra Gordon was a proximate cause of his own death.

You will be asked the following question on the jury verdict form:

**Question No. 6:** Was Ezra Gordon negligent and was such negligence a proximate cause of his own death?

    **Answer to Question No. 6:** Yes \_\_\_  No \_\_\_

If you find from your consideration of all the evidence that each of these propositions has been proved, you should answer this question "Yes." However, if you find that any of these propositions has not been proved, then the defendant has not met the burden of proof required and you should answer this question "No."

FINAL INSTRUCTIONS ~ 21

## INSTRUCTION NO. 21

In order to prove the claim of product liability by a manufacturer, the Plaintiffs have the burden of proving each of the following propositions:

> 1. EGT is, or was during the relevant time in question, a "manufacturer" of the product, as explained in these instructions;
> 2. The product was "defective," as explained in these instructions;
> 3. The defect existed when the product left EGT's control;
> 4. The defect was a proximate cause Ezra Gordon's death; and
> 5. The nature and extent of the injuries, the elements of damages, and the amount thereof.

You will be asked the following question on the jury verdict form:

**Question No. 7:** Is EGT liable for a defective product and was such defective product a proximate cause of Ezra Gordon's death?

> **Answer to Question No. 7:** Yes ___  No ___

If you find from your consideration of all of the evidence that each of these propositions has been proved, then on the verdict form, you should answer the question "Yes." If you find that any of these propositions has not been proved, you should answer the question "No."

FINAL INSTRUCTIONS ~ 22

## INSTRUCTION NO. 22

In order to prove the claim of product liability by a seller other than the manufacturer, the plaintiffs have the burden of proving each of the following propositions:

      1. DTL sold the product to Crux; and

      2. The product was "defective," as explained in these instructions; and

      3. The defect existed when the product left the DTL's control; and

      4. DTL knew or should have known of the defect; **OR**

      5. DTL altered, modified or installed the product, which alteration, modification or installation was either not authorized by the manufacturer, or was not carried out in the manner authorized or directed by the manufacturer; and

      6. The defect was a proximate cause of Ezra Gordon's death; and

      7. The nature and extent of the injuries, the elements of damage, and the amount thereof.

You will be asked the following question on the jury verdict form:

**Question No. 8:** Is DTL liable for a defective product and was such defective product a proximate cause Ezra Gordon's death?

      **Answer to Question No. 8:** Yes \_\_\_ No \_\_\_

If you find from your consideration of all of the evidence that each of these propositions has been proved, then on the verdict form, you should answer this question "Yes." If you find that any of these propositions has not been proved, you should answer the question "No."

FINAL INSTRUCTIONS ~ 23

## INSTRUCTION NO. 23

Under the theory of strict liability, the Plaintiffs have the burden of proving each of the following:

1. The defendant was a "product seller" with respect to the product involved in this case;

2. The product was in a defective and unreasonably dangerous condition when it left the hands of the defendant;

3. The defective condition was a proximate cause of Ezra Gordon's death; and

4. The nature and extent of the injuries, the elements of damage, and the amount thereof.

INSTRUCTION NO. 24

A "manufacturer" is a person or business entity that designs, produces, makes, fabricates, constructs, or remanufactures the relevant product or component part of a product before its sale to a user or consumer. It includes a product seller or entity not otherwise a manufacturer that holds itself out as a manufacturer. A product seller acting primarily as a wholesaler, distributor, or retailer of a product may also be a "manufacturer" but only to the extent that it designs, produces, makes, fabricates, constructs, or remanufactures the product before its sale.

## INSTRUCTION NO. 25

"Product seller" means any person or entity that is engaged in the business of selling products, whether the sale is for resale, or for use or consumption. The term includes a manufacturer, wholesaler, distributor, or retailer of the relevant product. The term also includes a party who is in the business of leasing or bailing such products.

## INSTRUCTION NO. 26

A product may be defective because of a defect in its design or manufacture or because of a failure to adequately warn the consumer of a hazard involved in the foreseeable use of the product. A product has a defect when it exposes a user or bystander to an unreasonable risk of physical injury, or if it is more dangerous than would be expected by an ordinary person who may reasonably be expected to use it. The law does not say what would be expected by an ordinary person or who may reasonably be expected to use the product. Both of these issues are for you to decide.

FINAL INSTRUCTIONS ~ 27

## INSTRUCTION NO. 27

In order to find that a seller knew or should have known of a defect in the product, you must find that the seller had actual knowledge of the defect or had knowledge of circumstances that would have put a reasonable person on notice of the existence of the defect.

A product seller has a duty to reasonably inspect products offered for sale in a manner which would, or should in the exercise of ordinary care, reveal the existence of the defect.

FINAL INSTRUCTIONS ~ 28

## INSTRUCTION NO. 28

    The term "unreasonably dangerous" as that term applies to the use of the product in this case, means that the product was more dangerous than would be expected by an ordinary reasonably prudent person who is likely to use the product in the same or similar circumstances.

## INSTRUCTION NO. 29

Under the defense of product misuse as a basis for comparative fault, EGT has the burden of proving each of the following:

      1. The product was not used in a manner expected of a reasonably prudent person likely to use the product under the same or similar circumstances; and

      2. The misuse was a proximate cause of Ezra Gordon's death.

## INSTRUCTION NO. 30

Under the defense that Ezra Gordon had knowledge of the risk as a basis for comparative fault, EGT has the burden of proving each of the following:

      1. The user of the product knew of the defective condition and voluntarily used the product anyway; and

      2. In using the product, the user did not act as an ordinary reasonably prudent person; and

      3. The use of the product was a proximate cause of Ezra Gordon's death.

## INSTRUCTION NO. 31

Under the defense of failure to observe as a basis for comparative fault, EGT has the burden of proving the following:

    1. The defective condition of the product would have been obvious to a reasonably prudent person exercising ordinary care; and

    2. Ezra Gordon's failure to observe the defective condition was a proximate cause of his own death.

## INSTRUCTION NO. 32

Under the defense of alteration of the product as a basis for comparative fault, EGT has the burden of proving each of the following propositions:

> 1. A person other than EGT changed the design or construction of the product after it left the hands of EGT; and
>
> 2. The change was a proximate cause of Ezra Gordon's death.

FINAL INSTRUCTIONS ~ 33

## INSTRUCTION NO. 33

The defense of alteration of the product as a basis for comparative fault does not apply if the plaintiffs prove any one of the following:

    1. The change to the product design or construction was in accord with the defendant's instructions or specifications; or

    2. The change was done with the express or implied consent of the defendant; or

    3. The defendant, in the exercise of ordinary care, should have anticipated the change of the product by others, and that the product was defective because of the defendant's failure to provide warnings or instructions concerning the dangers of such change.

FINAL INSTRUCTIONS ~ 34

## INSTRUCTION NO. 34

The Plaintiffs have the burden of proof on each of the following propositions:

     1. EGT gave DTL its express authority to act on behalf of EGT.

     2. DTL was EGT's agent at the time DTL engaged in negligent conduct or at the time DTL sold the product at issue to Crux.

You will be asked the following questions on the Jury Verdict Form:

**Question No. 3A:** If you answered "Yes" to Question No. 3 [on the Jury Verdict Form], was DTL acting as an agent for EGT when the negligent conduct occurred?

     **Answer to Question No. 3A:**   Yes ___      No ___

**Question No. 8A:** If you answered "Yes" to Question No. 8 [on the Jury Verdict Form], was DTL acting as an agent for EGT when it sold the product at issue in this case to Crux Subsurface, Inc.?

     **Answer to Question No. 8A:**   Yes ___      No ___

     If you find from your consideration of all the evidence that each of these propositions has been proved, you should answer this question "Yes". However, if you find that any of these propositions has not been proved, then Plaintiffs have not met the burden of proof required, and you should answer this question "No."

FINAL INSTRUCTIONS ~ 35

## INSTRUCTION NO. 35

In an agency relationship, the principal has the right to control the agent's manner and method of work, whether that right is exercised or not.  Where, however, the principal has engaged a contractor for a specific job, result or objective, and the principal does not retain any right to control the manner or method of work, the relation is not an agency but is that of independent contractor. An independent contractor is not an agent.  The acts or omissions of an independent contractor are not the acts or omissions of the principal.

## INSTRUCTION NO. 36

The term "agent" refers to a person authorized by another, called the "principal," to act for or in the place of the principal.  The principal is responsible for any act of the agent within the agent's scope of authority.

## INSTRUCTION NO. 37

The law recognizes agency relationships created by express authority. Agency by express authority exists when a person has been actually given authority by the principal to act in the principal's name for stated purposes.

## INSTRUCTION NO. 38

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered. It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

## INSTRUCTION NO. 39

If the jury decides the plaintiff is entitled to recover from the defendant, the jury must determine the amount of money that will reasonably and fairly compensate the plaintiff for any damages proved to be proximately caused by defendant's negligence.

The elements of damage the jury may consider are:

<u>Non-Economic Damages:</u>

The reasonable value to the plaintiff of the loss of the decedent's services, training, comfort and society and the present cash value of any such loss that is reasonably certain to occur in the future, taking into consideration the life expectancy of the plaintiff, the decedent's age and normal life expectancy, habits, disposition and any other circumstances shown by the evidence.

<u>Economic Damages:</u>

The plaintiff's loss of financial support from the decedent, and the present cash value of financial support the decedent would have provided to the plaintiff in the future, but for the decedent's death, taking into account the plaintiff's life expectancy, the decedent's age and normal life expectancy, the decedent's earning capacity, habits, disposition and any other circumstances shown by the evidence.

Death is inevitable. Although the law compensates for the untimeliness of a death caused by another, no damages are allowed for grief or sorrow.

There can be no recovery for any pain or suffering of the decedent prior to death.

## INSTRUCTION NO. 40

The word "support" when used in these instructions means contributions in kind as well as money. The word "services" means tasks, usually of a household nature, regularly performed by the decedent that will be a necessary expense to the heirs of the decedent.

## INSTRUCTION NO. 41

When I use the phrase "present cash value" as to any damage that may accrue in the future, I mean that sum of money determined and paid now which, when invested at a reasonable rate of interest, would be sufficient to pay the future damages at the time and in the amount the future damages will be incurred.

## INSTRUCTION NO. 42

You are instructed that, if you should find Ezra Gordon and any one defendant were guilty of some negligence which was the proximate cause of the accident involved in this case, then, in apportioning the percentage of negligence between the two, a finding by you that Ezra Gordon's negligence was equal to or greater than the negligence of that defendant will preclude the plaintiff from any recovery against that defendant.

## INSTRUCTION NO. 43

In determining damages, you must not consider attorney fees or the costs of litigating this case. Attorney fees and costs, if relevant at all, are for the Court and not the jury to determine. Therefore, attorney fees and costs should play no part in your calculation of any damages.

## INSTRUCTION NO. 44

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## INSTRUCTION NO. 45

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the Court.

## INSTRUCTION NO. 46

A verdict form has been prepared for you. You should follow the instructions on the verdict form closely. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the Court that you are ready to return to the courtroom.